UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LAYTON,

    Plaintiff,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS,

    Defendant.
_____/

Case No. 2:20-cv-13428
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 18)**

I.    Introduction

This is a prisoner civil rights case.[1] Plaintiff Michael Layton (Layton), proceeding *pro se*, is suing Defendant, the Michigan Department of Corrections (MDOC), alleging that he suffers from chronic health conditions which make him susceptible to the COVID-19 virus, that he was unable to have his pacemaker examined because of the COVID-19 pandemic, and that the warden of the G.

---

[1] It is unclear from the face of the complaint which statute(s) Layton asserts his claims under. However, the MDOC only made an exhaustion argument in its motion for summary judgment and the undersigned declines to *sua sponte* consider any other potential deficiencies or issues with the complaint at this time.

1

Robert Cotton Correctional Facility (JCF)² ignored his letter detailing his health conditions and requesting a reduction in his sentence. *See* ECF No. 1. Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned. (ECF No. 12).

Before the Court is the MDOC's motion for summary judgment based on a failure to exhaust. (ECF No. 18). For the reasons that follow, the undersigned RECOMMENDS that the MDOC's motion be DENIED.

## II. Background

The following facts are gleaned from the complaint.

Layton suffers from numerous chronic health conditions (asthma, hypertension, heart disease, pacemaker, monthly B-12 injections, CPAP machine, upper right quadrant pain, gastro-esophageal reflux disease, major depressive disorder, acute bronchitis, and allergic rhinitis) that put him at increased danger if he should contract the COVID-19 virus. (ECF No. 1, PageID.2-3). Additionally, the MDOC refused Layton's request on several occasions for an examination of his pacemaker. (*Id.*, PageID.3-4). However, prisoners with different chronic health conditions, specifically cancer, were permitted by the MDOC to leave the prison in order to obtain medical assistance. (*Id.*, PageID.3).

---

² Layton alleges that he wrote the "BOP"—presumably the Federal Bureau of Prisons—but attached a letter to the JCF warden. (ECF No. 1, PageID.4-5).

2

Layton wrote a letter to Warden Noah Nagy explaining his multiple chronic health conditions and requesting early release from prison. (*Id.*, PageID.5). Warden Nagy never responded to Layton's letter. (*Id.*, PageID.4).

### III. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco*

3

*Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Layton is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.' " *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

IV. Analysis

A. Standard

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (internal quotation marks and citations omitted). Requiring exhaustion allows prison

4

officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*. at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015). Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

The MDOC has established a three-step process to review and resolve prisoner grievances. "Under the [Michigan] Department of Corrections' procedural rules, inmates must include the '[d]ates, times, places and names of all those involved in the issue being grieved' in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010). As noted by the Court in

5

*Woodford*, one of the purposes of requiring proper exhaustion is to "provide[ ] prisons with a fair opportunity to correct their own errors." *Woodford*, 548 U.S. at 94. To be sufficient, a grievance need not "allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003). Nonetheless, the grievance must give "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Id.*

Under MDOC Policy Directive 03.02.130, prisoners must provide the following information at Step I of the grievance process: "The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130(R) (underscoring omitted). Furthermore, MDOC Policy Directive 03.02.130 sets forth time limits regarding the first step. Specifically,

> within two business days after becoming aware of a grievable issue, the inmate must attempt to verbally resolve the dispute with those involved. If such an attempt is not possible, or if it is unsuccessful, the inmate must then file a Step I grievance form within five days. The prison staff is required to respond in writing within 15 days, unless an extension is granted by the grievant. If the inmate is not satisfied with the response,

he must request a Step II appeal form and file it within ten days after receiving the Step I response.

*Anthony v. Salisbury*, No. 18-10064, 2019 WL 5802690, at *4 (E.D. Mich. July 8, 2019), *report and recommendation adopted*, 2019 WL 3852584 (E.D. Mich. Aug. 16, 2019).

B.     Application

The MDOC argues that Layton never filed any grievances naming the MDOC. Layton agrees. (ECF No. 21, PageID.85). However, summary judgment on the basis of exhaustion is not appropriate because defendant is the MDOC itself rather than, for example, an individual employed by the MDOC like a corrections officer.

Courts in both this district and the Western District of Michigan have denied motions for summary judgment on the basis of exhaustion brought by the MDOC. In *Annabel v. Mich. Dep't of Corr.*, No. 1:18-CV-914, 2020 WL 919700, at *1 (W.D. Mich. Feb. 26, 2020), the district court explained:

> The MDOC prison grievance policy directive does not explicitly address whether a grievance can be filed against the MDOC. Although the grievance policy requires a prisoner to include "names of all those involved," it also requires a prisoner to "attempt to resolve the issue with the staff member" unless prevented by circumstances beyond his control. [MDOC Policy Directive 03.02.130 (effective July 9, 2007), ¶ P.] The policy also states that a prisoner generally cannot grieve the content of policy or procedure. Id. at ¶ F. The Court is not convinced that the prison grievance system requires a prisoner to name the MDOC in the grievance. Ultimately, Defendants bear the burden of

7

> establishing that Plaintiff failed to exhaust his administrative remedies. Napier v. Laurel Cnty, 636 F.3d 218, 225 (6th Cir. 2011). They have not met that burden in this case.

(internal footnote omitted).

Similarly, in *Ford v. Jindal*, No. 19-13207, 2020 WL 7391293, at *3 (E.D. Mich. Dec. 1, 2020), *report and recommendation adopted*, 2020 WL 7389110 (E.D. Mich. Dec. 16, 2020), the MDOC made the same argument on exhaustion, contending that the prisoner-plaintiff had not exhausted his claims against the MDOC because he did not name the MDOC in his grievances. The magistrate judge, relying on *Annabel*, stated that the MDOC's exhaustion argument had been "summarily rejected" by the *Annabel* court and recommended that the MDOC remain as a party. *Id*. The MDOC did not object. *Ford*, 2020 WL 7389110, at *1. The district court adopted the magistrate judge's recommendation and kept the MDOC as a party to the case. *Id*.

The undersigned finds the *Annabel* court's reasoning persuasive. Therefore, because the MDOC failed to meet its burden to establish Layton failed to exhaust his administrative remedies, the undersigned recommends denying the MDOC's motion for summary judgment on the grounds of exhaustion.

V.  Conclusion

For the reasons stated above, the undersigned RECOMMENDS that the MDOC's motion for summary judgment, (ECF No. 18), be DENIED.

Dated: August 16, 2022       s/Kimberly G. Altman
Detroit, Michigan           KIMBERLY G. ALTMAN
                                   United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 17, 2022.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager
