UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LAYTON,

    Plaintiff,

v.

MDOC,

    Defendant.

_____/

Case No. 2:20-cv-13428
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

# REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS (ECF No. 26)[1]

## I.    Introduction

This is a prisoner civil rights case. Plaintiff Michael Layton (Layton), proceeding *pro se*, is suing Defendant the Michigan Department of Corrections (MDOC), alleging that he suffers from chronic health conditions which make him susceptible to the COVID-19 virus, that he was unable to have his pacemaker examined because of the COVID-19 pandemic, and that the warden of the G.

---

[1] Upon review of the motion to dismiss, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Robert Cotton Correctional Facility (JCF)[2] ignored his letter detailing his health conditions and requesting a reduction in his sentence. *See* ECF No. 1. Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned. (ECF No. 12).

Before the Court is the MDOC's motion to dismiss. (ECF No. 26). Layton was directed to file a response to the motion by December 5, 2022. (ECF No. 27). That date passed without Layton filing a response. However, it was discovered that the order directing Layton to respond was sent to a residential address, which he did provide. However, a search of Michigan's Offender Tracking System shows that Layton is incarcerated at JCF and serving a life sentence. As such, on January 4, 2023, a second order directing Layton to file a response was mailed to him at JCF. (ECF No. 28). This order gave Layton until February 6, 2023, to respond. (*Id*.). That date has now passed without the filing of a response. For the reasons that follow, the undersigned RECOMMENDS that the MDOC's motion be GRANTED.

## II. Background

### A. Relevant Procedural History

---

[2] In his complaint, Layton says that he wrote a letter to the "BOP"—presumably the Federal Bureau of Prisons—but attached a letter to the JCF warden. (ECF No. 1, PageID.4-5). Thus, it appears that Layton mistakenly referred to the JCF warden as BOP in his complaint.

The MDOC initially filed a motion for summary judgment on the basis of exhaustion. (ECF No. 18). Layton filed a response, (ECF No. 21), and the MDOC filed a reply, (ECF No. 22).

The undersigned issued a Report and Recommendation to deny the MDOC summary judgment on the basis of exhaustion. (ECF No. 23). Neither party filed objections. The District Court adopted the Report and Recommendation and denied the MDOC's motion for summary judgment on exhaustion. (ECF No. 24).

The MDOC now moves to dismiss Layton's claims on the grounds of failure to state a claim. (ECF No. 26).

                      B.      Layton's Complaint

The following facts are gleaned from the complaint, which are presumed true on a motion to dismiss.

Layton suffers from numerous chronic health conditions (asthma, hypertension, heart disease, pacemaker, monthly B-12 injections, CPAP machine, upper right quadrant pain, gastro-esophageal reflux disease, major depressive disorder, acute bronchitis, and allergic rhinitis) that put him at increased danger if he should contract the COVID-19 virus. (ECF No. 1, PageID.2-3). Additionally, the MDOC refused Layton's request on several occasions for an examination of his pacemaker. (*Id*., PageID.3-4). However, prisoners with different chronic health conditions, specifically cancer, were permitted by the MDOC to leave the prison in

3

order to obtain medical assistance. (*Id.*, PageID.3).

Layton wrote a letter to JCF Warden Noah Nagy explaining his multiple chronic health conditions and requesting early release from prison. (*Id.*, PageID.5). Warden Nagy never responded to Layton's letter. (*Id.*, PageID.4).

### III. Legal Standard

#### A. Motion to Dismiss

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common

4

sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

B. Failure to File a Response

As noted above, notices to file a response were mailed to Layton at a residential address and to JCF. To date, Layton has not filed a response to the MDOC's motion and the time for doing so has passed.

The law in this Circuit is not clear on whether a failure to respond to a motion to dismiss constitutes a sufficient ground for granting the motion. In *Carver v. Bunch*, 946 F.2d 451, 453-454 (6th Cir. 1991), the Sixth Circuit held that

it is an abuse of discretion for a district court to dismiss under Fed. R. Civ. P. 12(b)(6) solely because the plaintiff failed to respond to a motion to dismiss unless the failure rises to the level of a failure to prosecute. However, the Sixth Circuit has also held that a failure to respond to a motion to dismiss can be grounds for granting the motion. *See, e.g.*, *Scott v. Tenn.*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

Therefore, while Layton's failure to respond could be considered a failure to prosecute warranting dismissal, the undersigned declines to recommend granting the MDOC's motion on this ground. Instead, the undersigned will consider the merits of the motion.

IV. Discussion

The MDOC argues that Layton has failed to state a claim against the MDOC because he did not identify the statute(s) under which he is asserting his claims, "provide any grounds for relief," or "identify a cause of action, much less recite its elements." (ECF No. 26, PageID.112-113). The MDOC says that it is neither its nor this Court's "job to guess or identify the cause or causes of action that Layton asserts in his complaint." (*Id.*, PageID.113) (citing *Magnum Towing & Recovery v.*

6

*Toledo*, 287 F. App'x 442, 449 (6th Cir. 2008) ("It is not the district court's . . . duty to search through the record to develop a party's claims; the litigant must direct the court to evidence in support of its arguments before the court.")).

The undersigned agrees that Layton has failed to state a claim against the MDOC. While this Court must construe Layton's *pro se* complaint liberally, *Kennedy v. Bonevelle*, 413 F. App'x 836, 838 (6th Cir. 2011), it is neither required nor permitted to "construct [Layton's] legal arguments for him." *Rogers*, 595 F. Supp. 2d at 766. Just because Layton is a *pro se* litigant does not mean this Court is required " 'to guess at the nature of the claim asserted.' " *Frengler*, 482 F. App'x at 976-977 (quoting *Wells*, 891 F.2d at 594); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, 565 U.S. 966 (2011).

Layton's barebones complaint—or letter as it is characterized by the MDOC,

(ECF No. 26, PageID.111)[3]—leaves the Court guessing as to what his claim or claims are. The complaint is probably best understood as a request from Layton for the Court to release him from prison so he can have his pacemaker examined. However, the Court is unable to grant this kind of relief in a civil case.[4]

At no point in the complaint does Layton request injunctive relief or damages, money or otherwise, for the MDOC's alleged failure to provide him with proper medical treatment while incarcerated. And, even if he had requested such relief, the Court would be unable to award it because "a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has

---

[3] The MDOC's characterization of the complaint as a "letter" is not without merit. *See Twitty v. Shelby Cnty. Gov.*, No. 20-cv-2642, 2021 WL 1032363, at *2 (W.D. Tenn. Jan 1, 2021), *report and recommendation adopted*, 2021 WL 1030233 (W.D. Tenn. Mar. 17, 2021) ("Twitty has not filed a complaint that in any way conforms to the requirements of Fed. R. Civ. P[.] 8 and therefore the document filed should not have been accepted as a complaint. To the extent that it is to be construed as a complaint, it fails to state a claim for which relief may be granted. It is a narrative discussing conditions at the Shelby County Jail and seeks assistance."). Regardless, the better course is to consider the arguments in the MDOC's motion to dismiss.

[4] To the extent that Layton is seeking "compassionate release," this Court is unable to grant such relief. According to Michigan's Offender Tracking System, Layton is serving a life sentence in a Michigan prison after being convicted and sentenced by a state court. Only individuals serving a prison sentence imposed by a federal court are eligible for compassionate release under federal law. *See Christensen v. Cheeks*, No. 21-2926, 2022 WL 4239566, at *3 (6th Cir. Apr. 7, 2022) ("And regardless, Christensen is a prisoner in the custody of the State of Michigan who is not eligible for compassionate release based on federal law because a federal court did not impose his custodial sentence.") (citing 18 U.S.C. § 3582(c)(1)(A)).

waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it." *Simpson v. Dep't of Corr.*, 3:20-CV-P599-RGJ, 2021 WL 784650, at *2 (W.D. Ky. Mar. 1, 2021); *see also Coldon v. Ruck*, No. 3:17-cv-01296, 2018 WL 2193929, at *9 (M.D. Tenn. May 14, 2018) ("[T]he Eleventh Amendment to the United States Constitution prohibits suits against a state in federal court for damages."). As explained by the MDOC in its motion, the MDOC is an agency of the State of Michigan and "Michigan has not consented to suit." (ECF No. 26, PageID.113) (citing *Nelson v. Miller*, 170 F.3d 641, 646 (6th Cir. 1999)). Thus, Layton has failed to state any claim against the MDOC upon which relief can be granted.

V.    Conclusion

For the reasons stated above, the undersigned RECOMMENDS that the MDOC's motion to dismiss, (ECF No. 26), be GRANTED and the case be DISMISSED.

Dated: February 15, 2023        s/Kimberly G. Altman
Detroit, Michigan               KIMBERLY G. ALTMAN
                                United States Magistrate Judge


**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 16, 2023.

                                              s/Carolyn Ciesla
                                              CAROLYN CIESLA
                                              Case Manager